UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MOLLY ELIZABETH LUDWIG,
individually,

    Plaintiff,

v.

DISCOVER FINANCIAL SERVICES,
a foreign corporation,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiff alleges that Defendant has incessantly and unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff. Despite the Plaintiff disclosing on numerous occasions that she is not the individual from whom Defendant is seeking to collect the debt, the Defendant proceeded to call – as often as nine times in one day. Notwithstanding the Defendant's full knowledge that the Plaintiff was not the party they sought, the Defendant continued communication attempts, resulting in an intrusion upon the Plaintiff's right to privacy and generally causing her distress.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332(a). Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, MOLLY ELIZABETH LUDWIG, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, DISCOVER FINANCIAL SERVICES ("DISCOVER") is a foreign corporation, engaged in the financial services industry, with its principal place of business at 5420 West 1730, South Salt Lake City, Utah 84070, and is incorporated in the state of Delaware; therefore, Defendant DISCOVER is a corporate citizen of both the state of Utah, and the state of Delaware.

5. Defendant regularly uses the mail and telephone in a business for, *inter alia*, the collection of consumer debts.

## FACTUAL ALLEGATIONS

6. The instant lawsuit stems from the telephonic collection efforts of DISCOVER from approximately September 2010 to January 2011.

7. Defendant sought to collect an alleged consumer debt from one "Dorthia McCuminsky" and called Plaintiff's cellular telephone no less than one hundred, eighty-five (185) times in an effort to collect said debt.

8. That each time the Plaintiff answered the aforesaid calls, the caller identified themselves as "a representative of Discover Card."

9. Plaintiff disclosed to Defendant approximately twenty-five (25) times, from about September 2010 to October 2010 that she was not "Dorthia McCuminsky" and that the cellular telephone number which was being called by DISCOVER belonged to Plaintiff and not "Dorthia McCuminsky."

10. Plaintiff maintains that, on numerous occasions, DISCOVER, in connection with the collection of any debt, communicated with Plaintiff, a person other than the consumer, their attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

11. Plaintiff maintains that in spite of her numerous attempts to stop Defendant's constant barrage of telephone calls, Defendant persisted on calling Plaintiff's cellular telephone on several occasions, including but not limited to the following dates: (1) September 30, 2010 – three calls; (2) October 1, 2010 – one call; (3) October 2, 2010 – three calls; (4) October 4, 2010 – four calls; (5) October 5, 2010 – three calls; (6) October 6, 2010 – calls; (7) October 13, 2010 – three calls; (8) October 14, 2010 – three calls; (9) October 15, 2010 – three calls; (10) October 16, 2010 – three calls; (11) October 18, 2010 – three calls; (12) November 27, 2010 – three calls; (13) November 29, 2010 – three calls; (14) November 30, 2010 – three calls; (15) December 1, 2010 – one call; (16) December 2, 2010 – two

calls; (17) December 3, 2010 – four calls; (18) December 4, 2010 – three calls; (19) December 5, 2010 – three calls; (20) December 6, 2010 – four calls; (21) December 7, 2010 – four calls; (22) December 8, 2010 – three calls; (23) December 9, 2010 – three calls; (24) December 10, 2010 – two calls; (25) December 11, 2010 -  five calls; (26) December 13, 2010 – two calls; (27) December 14, 2010 – three calls; (28) December 15, 2010 – five times; (29) December 16, 2010 – three calls; (30) December 17, 2010 – three times; (31) December 18, 2010 – three calls; (32) December 19, 2010 – two calls; (33) December 26, 2010 – two calls; (34) December 27, 2010 – three calls; (35) December 28, 2010 – four calls; (36) December 29, 2010 – five calls; (37) December 30, 2010 – four calls; (38) December 31, 2010 – three calls; (39) January 1, 2011 – four calls; (40) January 2, 2011 – four calls; (41) January 3, 2011 – three calls; (42) January 4, 2011 – five calls; (43) January 5, 2011 – three calls; (44) January 6, 2011 – three calls; (45) January 7, 2011 – three calls; (46) January 8, 2011 – three calls; (47) January 10, 2011 – three calls; (48) January 11, 2011 – five calls; (49) January 12, 2011 – three calls; (50) January 13, 2011 – three calls; (51) January 14, 2011 – six calls; (52) January 15, 2011- three calls; (53) January 16, 2011 – three calls; (54) January 17, 2011 – two calls; (55) January 18, 2011 – one call; (56) January 24, 2011 – three calls; (57) January 25, 2011 – nine calls; (58) January 26, 2011 – two calls.

12. Plaintiff maintains that DISCOVER attempt to collect the alleged debt, including but not limited to the large volume of telephone calls, was unlawful as Plaintiff had already explained that she was not the alleged debtor.

13. That Defendant made telephone calls to Plaintiff's cellular telephone, which were, on some occasions, initiated by an automatic telephone dialing system and made without the prior express consent of Plaintiff.

14. That Defendant either willfully or knowingly violated the TCPA.

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

16. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. See FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated on some occasions by an automatic telephone dialing system and not legally permitted under any provision to the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory damages for each violation of the TCPA;

    b. Statutory damages for each knowing or willful violation of the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

    d. Attorney's fees, litigation expenses and costs of the instant suit; and

    e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 8th day of February, 2011.

                    SCOTT D. OWENS, ESQ.
                    Attorney for Plaintiff
                    Cohen & Owens, P.A.
                    3801 Hollywood Blvd., Suite 200
                    Hollywood, Florida 33021
                    Telephone: 954-923-3801
                    Facsimile: 954-967-2791
                    scott@cohenowens.com

By:_s/Scott D. Owens_____
     Scott D. Owens, Esq.
     Florida Bar No. 0597651